UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ARMACELL, LLC,<br><br>    Plaintiff,<br><br>  v.<br><br>BAILEY SALES & ASSOCIATES INC.,<br><br>    Defendant. | CASE NO. C19-506 RSM<br><br>ORDER GRANTING PLAINTIFF ARMACELL, LLC'S MOTION TO DISMISS DEFENDANT BAILEY'S COUNTERCLAIM |

## I. INTRODUCTION

This matter comes before the Court on Plaintiff Armacell LLC's Motion to Dismiss Defendant Bailey's counterclaim under Rule 12(b)(6). Dkt. #53. For the reasons stated below, the Court GRANTS Plaintiff Armacell's Motion.

## II. BACKGROUND

Plaintiff Armacell, LLC ("Armacell") filed a Complaint alleging that Defendant Bailey Sales & Associates, Inc. ("Bailey") failed to pay $544,992.17 for insulation products, breaching their Buy/Sell Representative Agreement. Dkt. #1-7. The Complaint states that "over the course of 2017 and 2018 . . . Armacell sold and shipped to [Bailey] various quantities of products." Dkt. #1-7 at 6. Payment for the products was due within 31 days after receipt. *Id.* at 2. Armacell

states Bailey failed to pay amounts owed as they came due. *Id* at 8. Armacell requests damages in the total principal amount of $544,992.17, plus interest. *Id.* at 11.

Bailey answered the Complaint and asserted its own Counterclaim. Dkt. #10. Bailey claims Armacell engaged in discriminatory sales of products to another customer in direct violation of federal and Oregon state law. *Id.* at 8, 10 (relying on 15 U.S.C. § 13; OR. REV. STAT. § 646.040). In response to Bailey's Counterclaim, Armacell filed a Motion to Dismiss for failure to state a claim under Rule 12(b)(6). Dkt. #53.

### III. DISCUSSION

**A. Legal Standard under Rule 12(b)(6)**

In making a 12(b)(6) assessment, the court accepts all facts alleged in the complaint as true, and makes all inferences in the light most favorable to the non-moving party. *Baker v. Riverside County Office of Educ.*, 584 F.3d 821, 824 (9th Cir. 2009). However, the court is not required to accept as true a "legal conclusion couched as a factual allegation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). The complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id*. at 678. This requirement is met when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. The complaint need not include detailed allegations, but it must have "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Absent facial plausibility, a plaintiff's claims must be dismissed. *Id*. at 570.

//

//

**B. Plaintiff's Motion to Dismiss under Rule 12(b)(6)**

Bailey's Counterclaim asserts Armacell engaged in price discrimination, violating federal and Oregon law, by selling the same products to Bailey's competitor, Jones Stephens, at a lesser rate of 25% to 40%. Dkt. #10 at 7 (citing 15 U.S.C. § 13; OR. REV. STAT. § 646.040). Bailey argues this disparate pricing for identical products prevented free competition with Armacell's other distributors and resulted in Bailey being forced out of the market. *Id.* at 8.

Armacell argues Bailey has failed to state a claim upon which relief can be granted. Dkt. #53. Armacell contends the Counterclaim fails to (1) allege facts that would establish harm to interbrand competition, (2) allege harm to competition generally, (3) allege that a buyer with market power received better pricing, (4) define a geographic or product market, and (5) allege facts showing products at issue were of like grade and quality. *Id.* at 3. Armacell argues that without well-pled factual allegations that competition itself was harmed – as opposed to harm to single firm – the Counterclaim must be dismissed. *Id.* at 8.

The Court agrees with Armacell. Under 15 U.S.C. § 13(a), it is unlawful for "any person engaged in commerce . . . to discriminate in price between different purchasers of commodities of like grade and quality . . . where the effect of such discrimination may be substantially to lessen competition or to create a monopoly." According to the Supreme Court, 15 U.S.C. § 13 should be interpreted to the protection of competition as opposed to the protection of existing competitors. *Volvo Trucks North America, Inc. v. Reeder – Simco GMC, Inc.,* 546 U.S. 164, 181 (2006). Here, as pointed out by Armacell, Bailey only identifies one competitor, Jones Stephens. Bailey fails to identify in which states Jones Stephens competed with Bailey, fails to identify the specific products it purchased at a higher price, and fails to allege facts that the products in question were of like and grade quality. Overall, Bailey's claims alleging discriminatory harm to

competition are conclusory. Even when making all inferences in the light most favorable to Bailey, the Court concludes there are not adequate factual allegations that competition has been harmed as a result of the alleged price discrimination.[1]

Where a complaint is dismissed for failure to state a claim, "leave to amend should be granted unless the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986). If Bailey can allege additional facts to support the claim that Armacell violated 15 U.S.C. § 13, Bailey is entitled to amend the counterclaim and therefore leave to amend is granted.

## IV. CONCLUSION

Having reviewed the relevant pleadings and the remainder of the record, the Court hereby finds and ORDERS that Plaintiff Armacell's Motion to Dismiss Defendant's Counterclaim (Dkt. #53) is GRANTED. Bailey is granted leave to file an Amended Counterclaim curing the above-mentioned deficiencies no later than **(21) days** from the date of this Order.

Dated this 18th day of October 2019.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

---

[1] Armacell asserts that Oregon's price discrimination statute, OR. REV. STAT. § 646.040, was modeled after 15 U.S.C. § 13 and that "the statutes are analytically coextensive." Dkt. #53 at 4 n.1. Armacell argues that dismissal of the federal claim necessitates dismissal of the state law claim. *Id.* Bailey does not contest the issue and abandons its state law claim in its response. Dkt. #56 (not making substantive arguments under state law). The Court therefore addresses only the relevant federal statute.