UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ARMACELL, LLC, | No. C19-506RSM |
| Plaintiff/Counter-Defendant, | ORDER GRANTING PLAINTIFF'S UNOPPOSED MOTION FOR SUMMARY JUDGMENT |
| v. | |
| BAILEY SALES & ASSOCIATES, INC., | |
| Defendant/Counter-Plaintiff. | |

## I.     INTRODUCTION

This matter comes before the Court on Plaintiff/Counter-Defendant Armacell, LLC ("Armacell")'s Motion for Summary Judgment. Dkt. #62. Defendant/Counter-Plaintiff Bailey Sales & Associates, Inc. ("Bailey Sales") has filed no response. Having reviewed Plaintiff's Motion and Reply, all documents submitted in support thereof, and the remainder of the record, the Court GRANTS Plaintiff's Motion for Summary Judgment and enters judgment in favor of Armacell.

//

ORDER GRANTING PLAINTIFF'S UNOPPOSED MOTION
FOR SUMMARY JUDGMENT –1

## II. BACKGROUND

Armacell is an insulation manufacturer based in Chapel Hill, North Carolina. Dkt. #10 at ¶ 1. Bailey Sales is an insulation distributor located in Seattle, Washington. *Id.* at ¶ 4. Parties executed a buy/sell representative agreement dated February 20, 2017 ("the Agreement") that set forth the terms of Armacell's sale of products to Bailey Sales. Dkt. #10-2. Under Section II(f) of the Agreement, Bailey Sales agreed to pay Armacell "for all products according to its standard payment terms (2% 30 days, Net 31 days)." *Id.* at ¶ II(f).

Between 2017 and 2018, Armacell sold and shipped various quantities of products to Bailey Sales or to Bailey Sales' customers. Dkt. #10 at ¶ 6. Armacell claims that Bailey Sales breached the Agreement by failing to pay Armacell for the products that Bailey Sales ordered and Armacell shipped during this period. Dkt. #63 at ¶ 5. Armacell attaches to its summary judgment motion 31 invoices dated between May 30, 2017 and February 23, 2018 that reflect a total outstanding balance of $544,992.17. *See* Dkt. #63-2 at 2-117.

On July 23, 2018, Armacell filed this collection action against Bailey Sales in North Carolina state court, which was subsequently removed to federal court and transferred to this jurisdiction. *See* Dkts. #1, #33. Bailey Sales initially filed counterclaims arguing that it had no obligation to pay the balance because Armacell engaged in price discrimination in violation of the Robinson-Patman Act and Oregon law. Dkt. #10 at ¶¶ 28-46. On October 18, 2019, this Court granted Armacell's motion to dismiss Bailey Sales' price-discrimination counterclaims, finding that Bailey Sales failed to state a counterclaim on which relief could be granted. Dkt. #58 at 4. The Court granted Bailey Sales leave to amend its counterclaims by November 8, 2019, but Bailey Sales failed to do so.

On March 19, 2020, Armacell filed the instant motion for summary judgment against Bailey Sales in the amount of $544,992.17 plus interest. Dkt. #62. On April 6, 2020, Bailey Sales notified Armacell that it would not file a brief in response to Armacell's motion for summary judgment. Dkt. #65 at 3.

### III.   DISCUSSION

#### A. Legal Standard

Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247, (1986). Material facts are those which might affect the outcome of the suit under governing law. *Id.* at 248. In ruling on summary judgment, a court does not weigh evidence to determine the truth of the matter, but "only determine[s] whether there is a genuine issue for trial." *Crane v. Conoco, Inc.,* 41 F.3d 547, 549 (9th Cir. 1994) (citing *Federal Deposit Ins. Corp. v. O'Melveny & Meyers,* 969 F.2d 744, 747 (9th Cir. 1992)).

On a motion for summary judgment, the court views the evidence and draws inferences in the light most favorable to the non-moving party. *Anderson,* 477 U.S. at 255; *Sullivan v. U.S. Dep't of the Navy,* 365 F.3d 827, 832 (9th Cir. 2004). However, the non-moving party must make a "sufficient showing on an essential element of her case with respect to which she has the burden of proof" to survive summary judgment. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986). Where the non-moving party fails to properly support an assertion of fact or fails to properly address the moving party's assertions of fact, the Court will accept the fact as undisputed. Fed. R. Civ. P. 56(e). As such, the Court relies "on the nonmoving party to identify with reasonable particularity the evidence that precludes summary judgment." *Keenan v. Allan*, 91 F.3d 1275,

1278–79 (9th Cir. 1996) (quotation marks and citations omitted).  The Court need not "comb through the record to find some reason to deny a motion for summary judgment." *Carmen v. San Francisco Unified Sch. Dist.*, 237 F.3d 1026, 1029 (9th Cir. 2001).

Under this Court's local rules, "[i]f a party fails to file papers in opposition to a motion, such failure may be considered by the court as an admission that the motion has merit." W.D. Wash. Local Civ. R. 7(b)(2).  Notwithstanding this rule, an unopposed motion for summary judgment presents a special case.  A district court may not grant an unopposed motion for summary judgment solely because the opposing party has failed to file an opposition.  *See Cristobal v. Siegel,* 26 F.3d 1488, 1494–95, n. 4 (9th Cir. 1994).  *See also* Fed. R. Civ. P. 56, 2010 Advisory Comm. Note ("summary judgment cannot be granted by default even if there is a complete failure to respond to the motion . . . .").  The Court may only grant summary judgment if "the motion and supporting materials . . . show that the movant is entitled to it."  Fed. R. Civ. P. 56(e); *see also Vardanyan v. Port of Seattle*, No. C11-1224 RSM, 2012 WL 3278901, at *1 (W.D. Wash. Aug. 10, 2012).

**B.  Armacell's Summary Judgment Motion**

For the reasons set forth below, the Court finds that Armacell is entitled to judgment as a matter of law.  Section VII of the Agreement provides that any disputes arising under parties' contract will be governed by North Carolina law.  Dkt. #10-2 at ¶ VII.  Under North Carolina law, "[t]he elements of a claim for breach of contract are (1) existence of a valid contract and (2) breach of the terms of that contract.  For a valid contract to exist there must be a meeting of the minds as to all essential terms of the agreement." *Odom v. Kelly*, 242 N.C. App. 521, 776 S.E.2d 898 (2015) (internal citations omitted).  Here, the Court finds no material dispute as to either element.

ORDER GRANTING PLAINTIFF'S UNOPPOSED MOTION
FOR SUMMARY JUDGMENT –4

First, there is no dispute that the Agreement is a valid contract. Bailey Sales admits that parties entered into the Agreement, which appointed Bailey Sales as Armacell's sales representative of insulation products. *See* Dkt. #10 at ¶ 12. Bailey Sales initially argued in its Answer that the Agreement was unenforceable due to price discrimination under the Robinson-Patman Act, 15 U.S.C. § 13, and Oregon law, O.R.S. 646.040. *Id.* at ¶¶ 28-46. However, it subsequently abandoned its counterclaim under Oregon Law. *See* Dkt. #56 (not making substantive arguments under state law). The Court granted Bailey Sales leave to amend its remaining federal counterclaim, Dkt. #58 at 4, but Bailey Sales failed to do so. Bailey Sales also raised various affirmative defenses to challenge the contract's validity, including fraud in the inducement. *See* Dkt. #10 at 3-4. However, it abandoned any defenses by failing to oppose Armacell's motion for summary judgment. As a result, Bailey Sales has failed to raise a material dispute of fact that the Agreement is a valid and enforceable contract.

The Court likewise finds no dispute of fact that Bailey Sales breached the contract by failing to pay for the products it ordered and that Armacell shipped pursuant to the Agreement. The terms of the Agreement are clear and unambiguous: "The representative will pay Armacell, LLC for all products according to its standard payment terms (2% 30 days, Net 31 days)." Dkt. #10-2 at ¶ II(f). The payment terms under each of the 31 invoices, with the exception of one, set forth more favorable payment terms as "2% 30 days – Net 60 Days." *See* Dkt. #63-2 at 14-117. The exception is one invoice dated February 23, 2018 that requires "Payment in Advance." *Id.* at 12. Even under the most favorable "Net 60 days" terms, Armacell has provided undisputed evidence, including copies of the 31 outstanding invoices and a declaration from Armacell's Accounts Receivable Supervisor, that Bailey Sales never paid for these products and that the amounts remain due. Dkt. #63 at ¶ 6; *see also* Dkt. #63-2 at 2-117. Bailey Sales initially raised

ORDER GRANTING PLAINTIFF'S UNOPPOSED MOTION
FOR SUMMARY JUDGMENT –5

various affirmative defenses to Armacell's breach of contract claim, including failure to mitigate damages, lack of causation, and unclean hands. *See* Dkt. #10 at 3-4. Again, however, it abandoned any defenses by failing to oppose Armacell's motion for summary judgment. For these reasons, the Court finds no material dispute of fact that Bailey Sales breached the contract and is now liable for the total outstanding balance due under the Agreement.

### C.  Remedy

Having determined that summary judgment is proper on Armacell's breach of contract claim, the Court will address the question of remedy. Armacell claims that the total outstanding balance from the 31 unpaid invoices is $544,992.17. Dkt. #62 at 1. In support of this claim, it provides invoices from May 30, 2017 to February 23, 2018, *see* Dkt. #63-2 at 2-117, as well as a declaration from its Accounts Receivable Supervisor confirming the total amount due. Dkt. #63 at ¶¶ 4-6. Having reviewed Armacell's unopposed declaration and the attached invoices, the Court finds entry of judgment in this amount proper.

Furthermore, Armacell requests pre-judgment and post-judgment interest on the base damages award. Dkt. #62 at 5. The Court agrees that Armacell is entitled to both as a matter of law. Armacell shall be awarded pre-judgment interest under North Carolina law of 8% from the time of breach of the payment terms on each invoice. *Foodbuy, LLC v. Gregory Packaging, Inc.*, 2018 WL 4603159 at *31 (W.D.N.C. Sept. 25, 2018) ("State law governs prejudgment interest awards in diversity cases. The legal rate of interest in North Carolina is 8% per annum.") (internal citations omitted); *see also Cleveland Const., Inc. v. Ellis-Don Const. Inc.*, 210 N.C. App. 522, 536–37, 709 S.E.2d 512, 523–24 (2011) ("In breach of contract actions, N.C. Gen. Stat. § 24–5(a) (2009) authorizes the award of pre-judgment interest on damages from the date of the breach at the contract rate, or the legal rate if the parties have not agreed upon an interest rate.") (internal

quotations omitted). Armacell has calculated the amount of pre-judgment interest based on the 8% legal rate of interest in North Carolina from the time of breach of the payment terms on each invoice, totaling $107,695.25 on April 10, 2020 and then $119.45 each day thereafter. Dkt. #66 at ¶¶ 3-4. The Court finds no error in these undisputed calculations. Armacell is likewise entitled to post-judgment interest in accordance with the rate and computation set forth in 28 U.S.C. § 1961. 28 U.S.C. § 1961(a).

## IV.  CONCLUSION

Having reviewed the relevant pleadings, the declarations and exhibits attached thereto, and the remainder of the record, the Court hereby finds and ORDERS that Plaintiff's Motion for Summary Judgment, Dkt. #62, is GRANTED. Defendant shall pay Plaintiff $544,992.17 plus pre-judgment and post-judgment interest calculated as follows:

(1) Pre-judgment interest under North Carolina law of 8% from the time of breach of the payment terms on each invoice, totaling $107,695.25 on April 10, 2020, and then $119.45 each day thereafter; and

(2) Post-judgment interest under federal law from the date of entry of judgment, in accordance with the rate and computation set forth in 28 U.S.C. § 1961.

IT IS SO ORDERED.

DATED this 12th day of August, 2020.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE